Wilde J.
delivered the opinion of the Court. This is an action of assumpsit. The declaration contains the usual money counts, and two special counts, all however founded on the same cause of action. At the trial a general verdict was returned for the plaintiff, and the defendant now objects to one of the special counts as insufficient to warrant a judgment on the verdict. But this objection cannot prevail. The- rule is, that when there are several counts for the same cause of action, and a general verdict is returned, it may be altered so as to apply to any one count, because such alteration cannot prejudice the defendant on the question of damages.[1] The general question therefore is, whether there is any one count supported by the evidence.
First, it is objected to the count for money paid, that no money has in fact been paid, and that the giving a negotiable note of hand for a prior debt is not equivalent to pay- *463 merit, so as to warrant a recovery in this form of action. This objection is applicable also to the other counts. But if the law was correctly laid down in the case of Barclay et al. v Gooch, 2 Esp. R. 571, this objection cannot prevail. It is said that this case has been overruled ; and it certainly has been doubted. It was also a case at nisi prius; but it was afterwards sanctioned by the opinion of the other judges. It is also confirmed by a similar decision in New York in the case of Witherbee v. Mann, 11 Johns. R. 518, and has been mentioned with approbation by this Court. Douglass v. Moody et al. 9 Mass. R. 553, [Rand’s ed. 554, n. (a)]. The cases, in which a different doctrine seems to be maintained, are all distinguished from the case of Barclay et al. v. Gooch, and cannot therefore be considered as overruling it.
In these later cases it has been held, that a bond given for a prior debt, due on simple contract not under seal, was not such a payment as would support an action for money paid ; yet the prior debt was certainly extinguished by the bond. The distinction, however, is, that bonds can in no sense be considered as money; whereas negotiable bills and notes are frequently so considered, and are so treated in the ordinary transactions of business.[1] It may he said that this is a technical distinction, and it is so ; but to a technical ohjec tian a technical answer is sufficient.
Another objection to the plaintiff’s recovery is, that the debt paid was not the debt of the defendant, but of one Denniston. It appears by the report of the case, that Denniston gave his note at the request of the defendant, who received the money after the note had been discounted at the bank. It was indorsed by the plaintiff for the use of the defendant, who promised to indemnify him; so that it is clear, that the plaintiff had no claim on Denniston. If he had paid the note, the defendant would have been liable to him ; and from this liability the defendant has been discharged by the plaintiff. So far as the plaintiff’s rights are concerned, the debt was the defendant’s, and not Denniston’s.
*464 It is also' objected, that the payment by the plaintiff was voluntary and not in consequence of any legal liability, there being no proof that he had been duly notified by the bank so as to charge him as indorser. It is a sufficient answer to this objection, that notice may be presumed, and that it is now too late to make the objection, as it was not made at the trial. If the cashier of the bank, whose deposition was tasen and used at the trial, had been interrogated, the fact might have been ascertained.
Another objection is, that the plaintiff took security from the defendant for his indemnity ; and cannot, therefore, resort to an implied promise. This would be true, if it had been agreed, or understood, that the plaintiff should look only to his security for his indemnity ; but this does not appear, and the taking collateral security for the fulfilment of a promise to indemnify, whether express or implied, does not discharge the promisor from his obligation.
The last objection is, that the defendant would be liable to Clafflin, should he be compelled to pay the outstanding note. But this objection also fails, for on the facts proved the plaintiff alone is liable to Clafflin. To make the defendant liable it must appear, either that Clafflin signed the note at his request, or that he agreed to indemnify him. There is no evidence of either fact, nor any circumstance proved from which the defendant’s liability to Clafflin can be presumed.
Upon the whole, we think the plaintiff is entitled to recover on the count for money paid, and that the verdict may be altered, and judgment rendered on that count.

 See Baker v. Sanderson, 3 Pick. (2d ed.) 353; Kingsley v. Bill, 9 Mass R. (Rand’s ed.) 200, n. (a).

 See 1 Chitty’s Pl. (6th Amer. ed.) 384, n. 1; Pearson v. Parker, 3 N Hamp. R. 366; Whitcomb v. Williams, 4 Pick. (2d ed.) 231, n. 1.